UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TIMOTHY JACKSON RICHARDS, | CASE NO. 5:12 CV 1751 |
| Plaintiff, | JUDGE DAN AARON POLSTER |
| v. | |
| TIMOTHY SWANSON, Sheriff, Stark County Jail, et al., | MEMORANDUM OF OPINION AND ORDER |
| Defendants. | |

On July 9, 2012, plaintiff *pro se* Timothy Jackson Richards, an inmate at the Stark County Jail, filed this civil rights action against Stark County Sheriff Timothy Swanson and the Administrator of the Stark County Jail ("the Jail"), Mr. McDonald. Plaintiff alleges in general terms that he is being held illegally since his extradition in April 2012. He also alleges that medical treatment is inadequate at the Jail, there is no chance for exercise outside of his cell, and the ventilation is insufficient. Finally, he states the Jail does not have a legal library, or a way to look up the status of his criminal case. Plaintiff seeks release, as well as better conditions at the Jail. For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. § 1915A.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

As a threshold matter, the Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973). Thus, to the extent he seeks release from

imprisonment, plaintiff must file a habeas corpus action.

Further, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Under the foregoing standard, the complaint, even liberally construed, does not contain allegations reasonably suggesting plaintiff has stated a valid claim. *See, Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Accordingly, this action is dismissed without prejudice under section 1915A. Further, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

2